UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LISA HARRIS,<br>            Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC,<br>            Defendant. | Case No.:  0:20-cv-1936<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>1.  **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Lisa Harris ("Plaintiff"), through her attorneys, alleges the following against Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC. ("Equifax"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq., against Trans Union and Equifax and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report and for their failure to conduct a reasonable investigation after receiving notice of a dispute.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

1

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

1. Plaintiff Lisa Harris is a natural person residing in the city of Eden Prairie in Hennepin County, Minnesota.

2. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c).

3. Defendant Trans Union is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f)). On information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661.

4. Defendant Equifax is a credit reporting agency, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

5. Upon information and belief Defendants Trans Union and Equifax disburse consumer reports to third parties under contract for monetary compensation.

6. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. On or about June 14, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Minnesota (Minneapolis), case number 19-41804.

2. Plaintiff was discharged from her Chapter 7 bankruptcy on or about September 16, 2019.

3. Plaintiff was eager to begin working on improving her credit following her bankruptcy and obtaining her "fresh start".

### Inaccurate Reporting

4. Months after her discharge, Plaintiff obtained her Experian, Equifax, and Trans Union consumer credit reports to make sure the post-bankruptcy reporting was accurate.

5. Plaintiff discovered that Trans Union was reporting her USAA credit card Account (the "Account"), account no. 549123733195xxxx, opened in March of 2012, as "Account included in Bankruptcy," and was reporting the Last Payment Made as "04/10/2017."

6. In fact, the Account was paid off and closed in April 2017; thus, there was no debt which could have possibly been included in bankruptcy in June 2019.

7. Equifax also inaccurately reported the Account as included in bankruptcy. Equifax did not report any data for the Date of Last Payment but reported the Date Reported as "June 14, 2019."

8. Experian is the only consumer reporting agency which reported the Account correctly as having been paid and closed in May 2017.

9. Upon information and belief, Trans Union and Equifax proactively sought out and paid for Plaintiff's public record bankruptcy information in order to post it to her credit reports.

10. Upon information and belief, Trans Union and Equifax have been conducting such bankruptcy court inquiries via third party vendors for many years and search daily for all U.S. consumer bankruptcy filings with the purpose of reporting them on consumers' credit reports.

11. Upon information and belief, upon notice of Plaintiff's bankruptcy filing, Trans Union, not USAA, independently and improperly updated Plaintiff's Account to be reported as included in bankruptcy rather than paid and closed prior to the bankruptcy.

12. Upon information and belief, upon notice of Plaintiff's bankruptcy filing, Equifax, not USAA, independently and improperly updated Plaintiff's Account to be reported as included in bankruptcy rather than paid and closed prior to the bankruptcy.

### Plaintiff's Dispute Letter

13. On or about February 27, 2020, Plaintiff sent letters via certified mail to Trans Union and Equifax disputing their inaccurate reporting of the Account.

14. Plaintiff received mail tracking confirmation that both Trans Union and Equifax received Plaintiff's dispute letters.

15. The letters from Plaintiff specifically advised that the Account was being inaccurately reported as included in bankruptcy, but that Plaintiff had paid to settle the Account before she ever filed for bankruptcy.

16. Included in the letters was Plaintiff's name, address, full social security number, and full date of birth.

17. Upon information and belief, Trans Union failed to forwarded Plaintiff's disputes to nonparty USAA within 5 business days of receipt.

18. Upon information and belief, Equifax failed to forwarded Plaintiff's disputes to nonparty USAA within 5 business days of receipt.

**Response to Plaintiff's Dispute Letter And Continued Inaccurate Reporting**

19. On or about March 9, 2020, Equifax responded to Plaintiff's dispute letter.

20. Rather than conducting a reinvestigation, Equifax requested Plaintiff submit additional identification documents, despite Plaintiff having included her full name, address, date of birth, and full social security number in her dispute letter, and despite the fact that Equifax obviously found Plaintiff's credit file since Equifax mailed a response letter directly to Plaintiff.

21. Plaintiff then forwarded a copy of her driver's license and address verification to Equifax as instructed in Equifax's March 9, 2020 letter.

22. Equifax responded on or about May 1, 2020 with another form letter asking Plaintiff

to provide more information about her dispute although she had already stated the requisite information in her February 27, 2020 dispute letter.

23.     On or about July 2, 2020, Plaintiff obtained her Equifax credit report and discovered the Account had not been corrected by Equifax and was still inaccurately reporting as discharged in bankruptcy.

24.     On or about March 9, 2020, Trans Union responded to Plaintiff's dispute letter.

25.     Trans Union responded that it had made a change to its reporting based on Plaintiff's dispute; however, no change was evident in Trans Union's response letter.

26.     In that response, Trans Union reported that the Account was included in bankruptcy, when the account was actually paid and closed long before the bankruptcy was filed.

## Damages

27.     As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

28.     Upon information and belief, had Defendants accurately reported the Account, Plaintiff's credit score would have been better than it was.

29.     Defendants' conduct exacerbated Plaintiff's frustration during the already stressful post-bankruptcy period by hindering her ability to rebuild her credit.

30.     Defendants' conduct reduced Plaintiff's access to credit by reporting materially misleading and patently false information on her consumer credit report.

31.     Upon information and belief, Plaintiff was denied auto loans by Santander, Exeter, Americredit, and Ford due to the publishing of Defendants inaccurate reporting of the

Account.

32. Upon information and belief, Plaintiff's auto loan with Consumer Portfolio Services, N.A. was approved at less favorable terms due to the publishing of Equifax's inaccurate reporting of the Account.

33. Upon information and belief, Plaintiff was denied approval for a credit card due to Defendants' inaccurate reporting.

34. Upon information and belief, when Plaintiff moved, she was required to put down and additional security deposit due to the inaccurate publishing by Defendants.

## COUNT I
### Defendant Experian,
### (Violations of the FCRA, 15 U.S.C. § 1681 *et seq*)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendants conduct violated the FCRA. Defendants' violations include but are not limited to:

37. Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

   1. Defendant reported Plaintiff's Account as included in bankruptcy when the Account was paid and closed before the bankruptcy was filed.

   2. The inaccurate reporting of Plaintiff's information has caused her to suffer, stress, anxiety, headaches, frustration, and emotional and mental pain and

        anguish, a decreased credit score, and subjected Plaintiff to less favorable interest rates and credit terms.

        3. Furthermore, Defendants received notice from Plaintiff that the information being reported on her credit was inaccurate.

38. Further, the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

39. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. §1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

40. Defendants failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed in violation of 15 U.S.C. § 1681i:

41. Defendants failed to review and consider all relevant information submitted by Plaintiff.

42. Defendants' acts, as described above, were done willfully and knowingly.

43. As a result of the foregoing violations of the FCRA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lisa Harris respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 11th day of September, 2020.

s/Jenna Dakroub
Jenna Dakroub
Bar Number: 0401650
Attorney for Plaintiff Lisa Harris
**Price Law Group, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
Telephone: (818) 600-5513
Email:  jenna@pricelawgroup.com


s/Christopher Dunn
Christopher Dunn
Bar Number: 0400686
Attorney for Plaintiff Lisa Harris
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, MN 55113
Telephone: (800) 850-7867
Email:  chip.dunn@hoglundlaw.com